# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SIMON NEWMAN,

      **Plaintiff,**

v.                                                                              **Civil Action No. 5:08cv76**
                                                                             **(Judge Stamp)**

UNITED STATES OF AMERICA,

      **Defendant.**

## OPINION/REPORT AND RECOMMENDATION

### I.   Procedural History

The plaintiff, a federal inmate, initiated this *pro se* civil rights complaint on March 25, 2008. Dckt. 1. On July 21, 2008, the undersigned conducted a preliminary review of the complaint and determined that summary dismissal was not warranted at that time. Dckt. 9. Consequently, the defendant was directed to answer the complaint. *Id.*

On October 22, 2008, the defendant filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. Dckt. 19. Because the plaintiff is proceeding *pro se*, the undersigned issued a Roseboro Notice on October 28, 2008, advising him of his right to file a response to the defendant's motion. Dckt. 21. The plaintiff filed a Motion against Dismissal on November 3, 2008, objecting to the defendant's motion. Dckt. 23.

### II.   Contentions of the Parties

**A.   The Complaint**

In the complaint, the plaintiff asserts that this case is the same as case number 1:07cv121 (hereinafter referred to as "Prior Case" or "Prior Complaint"), filed with this Court on September 13, 2007. Complaint (Dckt. 1) at 3. The plaintiff further asserts that both cases arise from

"retaliatory acts against Plaintiff by BOP's staff members within confines of USP-Hazelton, W.V. (sic), on or about July 7, 2006." *Id.* at 3-4. The plaintiff asserts that he filed the instant case for the purpose of documenting the "BOP's continued effort to coverup employees' wrongdoing." *Id.* at 4. In particular, the plaintiff asserts that administrative response TRT-MXR-2007-01466, dated February 19, 2008, is loaded with fabrications. *Id.* Moreover, the plaintiff complains that the defendant used those false documents to defend the prior case, and made other misrepresentations to the Court during that proceeding. *Id.*

As relief, the plaintiff seeks copies of video and audio footage of the events of July 7, 2006, and copies of his medical records held by the BOP. *Id.* at 4-5. The plaintiff also seeks monetary damages in the amount of $1,500,000.00, plus an unspecified amount of punitive damages. *Id.* at 5. Finally, the plaintiff requests the Court consolidate this case with his prior one.[1] *Id.*

**B.    The Defendant's Motion to Dismiss or for Summary Judgment**

The defendant seeks the dismissal of the plaintiff's complaint on the following grounds:

(1) the plaintiff's complaint is barred by the doctrine of *res judicata* and under the Federal Tort Claims Act ("FTCA");

(2) the plaintiff fails to state a claim of retaliation;

(3) the complaint is untimely; and

(4) the relief requested is properly requested through a public records request pursuant to the Freedom of Information Act.

**C.    The Plaintiff's Motion Against Dismissal**

In his motion against dismissal, the plaintiff objects to the defendants motion. Specifically,

---

[1] The Court cannot grant the plaintiff this relief. Case number 1:07cv121 is closed and cannot be consolidated with the instant case. Therefore, this request is moot and will not be addressed in further detail.

the plaintiff asserts that his request for relief has "absolutely nothing to do with the Freedom of Information Act." Motion (dckt. 23) at 1. Instead, the plaintiff asserts that his complaint is about the defendant submitting false and perjurious documents to the Court in his prior case. *Id.* at 1-2. Moreover, the plaintiff asserts that no grounds exist for granting summary judgment as there are genuine issues of material fact in dispute. *Id.* at 2. As an example, the plaintiff challenges the veracity of several assertions made by the defendants in documents submitted in his prior case. *Id.* at 2-4. Next, the plaintiff asserts that this case is not a veiled attempt to obtain discovery not permitted in his prior case. *Id.* at 4. The plaintiff asserts that he is simply seeking the tangible proof that the defendant's assertions in his prior case were false. *Id.* The plaintiff further asserts that his claim is not untimely and that the defendant's acts of retaliation are well documented. *Id.* at 5-6. Finally, the plaintiff asserts that the Court should disregard several of the documents and declarations submitted by the defendant in his prior case. *Id.* at 6-7.

### III.   The Plaintiff's Prior Case

On September 13, 2007, the plaintiff filed a civil action against the United States under the Federal Tort Claims Act. In his complaint, the plaintiff asserted that on July 7, 2006, a "squad" came to his cell, cut his clothes from his body, placed him in handcuffs, chains and leg irons, and marched him out of his cell. The plaintiff was left wearing only his boxers and socks.

As the plaintiff was being escorted away from his cell, he was led through some water on the floor. As a result, the plaintiff's socks became wet and he slipped on a staircase injuring his wrists and ankles. The plaintiff further asserted that as he lay on floor in excruciating pain, the squad was ordered to pick him up by his arms and injured ankles without regard to his pain. The plaintiff was allegedly carried to another cell and placed on the floor with two other shackled inmates. The plaintiff asserts that the members of the squad knew he was a "snitch" and that the two

3

inmates in the cell with him harbored a deep resentment for government snitches. Plaintiff spent two days and one night in these conditions.

The plaintiff then alleged that he was moved to an "all-purpose room" that had no toilet or running water. Moreover, the plaintiff asserted that he was forced to lie on a cold concrete floor while the air conditioner ran full blast and he was still only dressed in his boxers and socks. The plaintiff asserts that while in that room, he had to urinate and defecate on the floor and that he had no way to clean himself.

On July 8, 2006, while still in the "all-purpose room," the plaintiff alleged that he was denied lunch. He also alleged that he was denied breakfast the next morning. The plaintiff asserted that these actions occurred in retaliation for his filing grievances against staff. Additionally, the plaintiff alleged that staff attempted to cover-up their wrongful actions by issuing him a false incident report and sabotaging his attempts to administratively exhaust his claims.

As relief, the plaintiff sought $1,500,000.00 in damages for pain, suffering, physical torture and the retaliatory nature of his physical abuse and false paperwork filed by staff.

On October 16, 2007, Magistrate Judge James E. Seibert conducted a preliminary review of the plaintiff's complaint and determined that summary dismissal was not appropriate at that time. Thus, the defendant was directed to answer the complaint.

After a series of extensions, the government answered the plaintiff's complaint on February 26, 2008, by filing a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. In support of the motion, the defendant asserted:

(1) the plaintiff's FTCA claim for negligence must be dismissed because the plaintiff could not establish the elements of a slip and fall claim -- *i.e.*, that the defendant breached a duty of care or that the plaintiff suffered an injury;

4

(2) the plaintiff's FTCA claim regarding the conditions of his confinement -- *i.e.*, that he was placed in a cell with two inmates hostile to government snitches, that he was subject to restraints without clothing, that the waist chain touching his bare skin and the leg irons rubbing his injured ankle were torture, being placed in an all-purpose room which lacked the necessary amenities, and being denied food -- should be denied as a matter of law because they lack a factual basis, are not predicated on any breach of duty and fail to state any injury;

(3) the plaintiff's claim regarding a false incident report must be denied as a matter of law because there was ample documentation to support the filing of those charges, and even if the report was inaccurate or false, the plaintiff suffered no harm because he never received any disciplinary hearing or sanctions as a result of that report; and

(4) the plaintiff's Eighth Amendment constitutional claim of cruel and unusual punishment should be denied as a matter of law because the plaintiff's allegations are no more than complaints of discomfort which fail to state a claim of constitutional dimension.

The plaintiff filed his response on June 25, 2008. In his response, the plaintiff argued, in pertinent part, that the affidavits and other documents in support of the defendant's motion were either false or perjurious.

On June 25, 2008, Magistrate Judge Seibert issued a Report and Recommendation which made the following findings:

(1) the plaintiff cannot establish the elements of a slip and fall claim because he cannot show that the defendant breached a duty of care or that the plaintiff sustained an injury as a result;

(2) none of the plaintiff's condition of confinement claims show that he is entitled to compensation under the FTCA; and

(3) the plaintiff cannot state a claim as to the incident report since the report resulted in no

disciplinary proceedings or sanctions that caused him harm.

Therefore, Magistrate Judge Seibert recommended that the defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, be granted and the plaintiff's complaint be dismissed with prejudice from the active docket of this Court.

The plaintiff filed no objections to Magistrate Judge Seibert's Report and Recommendation. Consequently, on July 22, 2008, the Honorable Irene M. Keeley, United States District Judge, adopted the Report and Recommendation in its entirety, granted the defendant's motion and dismissed the case with prejudice.

However, on August 11, 2008, the Court received the plaintiff's objections to the Report and Recommendation.[2] In his objections, the plaintiff alleged that he did not receive a copy of the Report and Recommendation until July 9, 2008. The plaintiff further alleged that he attempted to send his objections that same day, but was prevented from doing so by circumstances present at his then place of incarceration. The plaintiff asserts that he was not finally able to mail his objections until July 17, 2008.

Giving the plaintiff all benefit of the doubt, Judge Keeley vacated her prior Order adopting the Report and Recommendation. Nonetheless, upon a further *de novo* review of the case, Judge

---

[2] In his objections, the plaintiff complained that Magistrate Judge Seibert's Report and Recommendation was "bogus, bias, prejudicial, gross judicial corrupt (sic) and obvious one-sided." The plaintiff generally objected to "every word" of the report, "from the first word on page 1 of 12 to the very last word on page 12 of 12." The plaintiff further alleged he had to fight to get his case heard and that the Court deliberately blocked him at every stage to protect corrupt BOP officials. The plaintiff also made allegations of corruption in the United States Attorney's Office. The plaintiff asserted that the report was "loaded with fabrications" and gave no reasonable inference to him. The plaintiff complains that his case was "fixed" and that the Court had to dismiss the action to protect the corrupt practices of the government. The plaintiff asserts the dismissal of his case would be a judicial travesty and that his case should be given at least a semblance of fairness. Finally, the plaintiff compares the Court's decision to a lynching and alleges that he is being discriminated against for being a "convict." The plaintiff does not actually make any specific challenges as to the substantive or legal determinations made by Magistrate Judge Seibert.

Keeley determined that Magistrate Judge Seibert correctly applied the controlling legal standards and that his findings were proper. Thus, Judge Keeley again adopted the Report and Recommendation in its entirety, granted the defendants motion and dismissed the case with prejudice.

On August 13, 2008, the plaintiff filed an appeal to the Fourth Circuit Court of Appeals. The Fourth Circuit affirmed the dismissal of this case on March 11, 2009.

## IV. Standard of Review

**A. Motion to Dismiss**

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc., v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

**B. Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for

summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. Id. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

## V. Analysis

*Res judicata* means that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). *Collateral estoppel* means that "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Id.* The purpose of these

8

doctrines is to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Id.* (citing Montana v. United States, 440 U.S. 147, 153-154 (1979). Moreover, a court may take judicial notice of its own files and need not "grind the same corn a second time." See Aloe Creme Laboratories, Inc. v. Francine Co, 425 F.2d 1295, 1296 (5th Cir. 1970) *Cf.* Shoup v. Bell & Howell Company, 872 F.2d 1178, 1182 (4th Cir. 1989)("'[J]ustice is better served by attributing finality to judgment . . . than by second efforts at improved results.'").

In this case, the plaintiff himself recognizes and concedes that the instant complaint, and the factual basis therefore, is one and the same with case number 1:07cv121. Moreover, in his prior case, the plaintiff challenged the veracity and authenticity of the same documents he wishes to challenge in this case. Those objections were effectively overruled when Judge Keeley adopted the Report and Recommendation in its entirety after consideration of the plaintiff's objections and a *de novo* review of the complaint. Moreover, that decision has been affirmed on appeal. Consequently, to the extent the plaintiff alleges his rights were violated as a result of the defendant's action on July 7, 2006, or to the extent he challenges the veracity and authenticity of the documents filed by the defendants in case number 1:07cv121, the complaint should be dismissed as being barred by the principles of *res judicata* and *collateral estoppel*.

The only new issue the plaintiff raises in the instant case is his request for audio and visual recordings. However, as the defendant notes, the plaintiff cannot initiate a civil rights action merely to gain access to discovery materials he was denied in a separate civil case. In addition, there are other means through which the plaintiff can make this request, including a Freedom of Information Act request and other administrative processes.

As to the plaintiff's request for copies of his medical records related to the July 7, 2006

incident, those records were provided by the defendant in case number 1:07cv121. Thus, that request is moot. See 1:07cv121, Dckt. 26 (Plaintiff's Sealed Medical Records).

Finally, to the extent that the plaintiff attempts to raise additional claims of retaliation, the plaintiff has failed to state a claim. To prove a retaliation claim, a plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams v. Rice, 40 F.3d 72, 75 (4th Cir.1994). Therefore, *"in forma pauperis* plaintiffs who claim that their constitutional rights have been violated by official retaliation must present more than naked conclusory allegations of reprisal to survive [§ 1915(e)(2)(B) ]." *Id.* Furthermore, claims of retaliation are treated with skepticism in the prison context. Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir.1996). Additionally, "a plaintiff alleging that government officials retaliated against her in violation of her constitutional rights must demonstrate, *inter alia,* that she suffered some adversity in response to her exercise of protected rights. " American Civil Liberties Union of Maryland, Inc. v. Wicomico County, Md., 999 F.2d 780, 785 (4th Cir. 1993).

Here, the plaintiff merely makes conclusory and self-serving allegations of retaliation. The plaintiff provides no specific facts in support of such a claim and absolutely no evidence to support even a prima facie case of retaliation. In fact, the plaintiff fails to identify the constitutionally protected right he was exercising or any motive for such alleged retaliatory acts. Quite simply, the plaintiff's claims are vague, insufficiently plead and fail to rise to the level of a constitutional claim.

### VI. Recommendation

For the foregoing reasons, the undersigned recommends that the defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment (dckt. 19) be **GRANTED**; the plaintiff's Motion Against Dismissal (dckt. 23) be **DENIED**, and this case be **DISMISSED with prejudice**

from the active docket of this Court.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: April 29, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE