```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

SIMON NEWMAN,

    Plaintiff,

v.                                 Civil Action No. 5:08CV76
                                         (STAMP)
UNITED STATES OF AMERICA,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The pro se[1] plaintiff, Simon Newman, filed a civil rights complaint pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). The case was referred to United States Magistrate Judge John S. Kaull for initial review and recommendation. In response to a show cause order, the defendant filed a motion to dismiss, or in the alternative, motion for summary judgment. The plaintiff then filed a motion against dismissal, objecting to the defendant's motion.

On April 29, 2009, the magistrate judge entered a report and recommendation that the defendant's motion to dismiss, or in the alternative, motion for summary judgment, be granted; that the plaintiff's motion against dismissal be denied; and that the plaintiff's complaint be dismissed with prejudice. The magistrate

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. Neither party filed objections. For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation.

## II. Facts

In his complaint, the plaintiff asserts that this case is the same as Civil Action Number 1:07-cv-121 ("prior case"). In the prior case, filed pursuant to the Federal Tort Claims Act, the plaintiff asserted that a "squad" came to his cell, cut his clothes from his body, and placed him in handcuffs, chains, and leg irons before marching him out of his cell wearing only boxers and socks. As the plaintiff was being escorted from his cell, he was allegedly led through water. Because his socks were wet, he then slipped on a staircase, injuring his wrists and ankles. Nevertheless, according to the plaintiff, despite his excruciating pain, the squad picked him up by his arms and injured ankles and carried him to another cell, where the plaintiff was placed on the floor with other shackled inmates.

Further, the plaintiff alleged that he was moved to an "all-purpose room," which had no toilet or running water, where he was forced to lie on a cold concrete floor in only his boxers and socks while the air conditioner ran on full blast. While in that room,

2

the plaintiff was forced to urinate and defecate on the floor, as well as denied lunch and breakfast. The plaintiff claimed, in his complaint, that these actions occurred in retaliation for his filing of grievances against staff. Additionally, the plaintiff alleged that the staff issued him a false incident report and sabotaged his attempts to administratively exhaust his claims in an attempt to hide their wrongful actions. As relief, the plaintiff sought $1,500,000.00 in damages for pain, suffering, physical torture, and the staffs' retaliatory physical abuse and falsely-filed paperwork.

On August 13, 2008, the Honorable Irene M. Keeley of the United States District Court for the Northern District of West Virginia affirmed and adopted the magistrate judge's report and recommendation granting the defendant's motion for summary judgment and dismissing the case with prejudice. The plaintiff filed an appeal to the United States Court of Appeals for the Fourth Circuit, and the district court's decision was affirmed on March 11, 2009.

In the case currently pending before this Court, the plaintiff asserts that both cases arise from "retaliatory acts against Plaintiff by BOP's staff members within confines of USP-Hazelton, W.V. (sic), on or about July 7, 2006." Pl.'s Compl. at 3-4. The plaintiff filed this case for the purpose of documenting the "BOP's continued effort to coverup employees' wrongdoing." Id. at 4. Particularly, the plaintiff claims that a certain administrative

3

response is complete with fabrications, and that the defendant used false documents to defend the prior case and make other misrepresentations to the court during that proceeding. As relief, the plaintiff is seeking copies of video and audio footage of events occurring on July 7, 2006, copies of his medical records, monetary damages in the amount of $1,500,000.00, and an unspecified amount of punitive damages. Also, the plaintiff requests that this Court consolidate this case with his prior case.[2]

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, because the plaintiff did not file objections, this Court reviews the report and recommendation of the magistrate judge for clear error.

---

[2] In his report and recommendation, the magistrate judge recommended that this relief be denied as moot because Case Number 1:07-cv-121 is closed and cannot be consolidated with the case currently before this Court. This Court finds no clear error in the magistrate judge's recommendation on this requested relief.

4

IV. Discussion

In this case, the magistrate judge recommended that the plaintiff's complaint be barred by the principles of res judicata and collateral estoppel. Pursuant to the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). Similarly, the doctrine of collateral estoppel provides that "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Id. These doctrines "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." Id.

Here, the plaintiff concedes that his complaint in this civil action, and the factual basis therefore, is the same as presented in Case Number 1:07-cv-121. Moreover, the plaintiff is challenging the veracity and authenticity of the same documents that he challenged in his prior case. Judge Keeley affirmed and adopted the report and recommendation of the magistrate judge dismissing this prior case, and the United States Court of Appeals for the Fourth Circuit affirmed this decision. Thus, the magistrate judge recommended that because the plaintiff is alleging that his rights were violated as a result of the defendant's actions, as well as

5

challenging the veracity and authenticity of the documents filed by the defendants in Case Number 1:07-cv-121, issues that were both discussed in the prior case, the plaintiff's complaint should be dismissed as being barred by the principles of res judicata and collateral estoppel.

Furthermore, the magistrate judge noted that the only new issue that the plaintiff raises in this case is his request for audio and visual recordings. Magistrate Judge Kaull found, however, that the plaintiff cannot initiate a civil rights action merely to gain access to discovery materials denied in a separate civil case, but that there are other means, including a Freedom of Information Act request and other administrative processes, in which the plaintiff can make this request.

Finally, the magistrate judge recommended, that to the extent that the plaintiff attempts to raise additional claims of retaliation, these claims must fail. In order to sustain a retaliation claim, a prisoner must allege "either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Further, "in forma pauperis plaintiffs who allege that their constitutional rights have been violated by official retaliation must present more than naked allegations of reprisal" to survive dismissal for frivolousness pursuant to 28 U.S.C. § 1915(e). Id. Permitting baseless allegations to move forward would open up the

prospect of endless claims of retaliation on the part of inmates and would embroil the courts in every disciplinary act that occurs in state penal institutions.  Id.

In this case, the magistrate judge found that the plaintiff makes only naked and baseless claims of reprisal.  Rather, the plaintiff's complaint fails to contain any factual allegations tending to support his bare assertion that the defendant retaliated against him.

This Court finds no clear error in the magistrate judge's report and recommendation.  Indeed, the plaintiff's complaint is without arguable merit in law or fact, and even taking the plaintiff's allegations as true, he is entitled to no measure of relief in this Court.  Accordingly, this Court concludes that the magistrate judge's recommendations be affirmed and adopted in its entirety.

## V. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety.  Accordingly, for the reasons set forth above, the defendant's motion to dismiss, or in the alternative, motion for summary judgment, is GRANTED; the plaintiff's motion against dismissal is DENIED; and the plaintiff's complaint is DISMISSED WITH PREJUDICE.  It is ORDERED that this

civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:    June 3, 2009

/s/Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE